UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DESHAWN PENNINGTON,

    Plaintiff,

vs.                                            CASE NO.:

COVENANT TRANSPORT, INC.
a foreign corporation,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff DESHAWN PENNINGTON ("Plaintiff") sues Defendant COVENANT TRANSPORT, INC. ("Defendant") and alleges:

**NATURE OF ACTION**

1. This is a multi-count action for recovery of lost pay and related compensation, compensatory damages, punitive damages, attorneys' fees and taxable costs brought pursuant to the Americans with Disabilities Act (ADA) (42 U.S.C. §12101 et. seq.), the Florida Civil Rights Act)(FCRA)(Florida Statutes Chapter 760.01 et seq.) and under the Florida common law giving rise to civil liability for defamation. Plaintiff will show that he was discriminated against during hiring by Defendant's failure to provide reasonable accommodations to his physical or perceived limitations. He will further show that Defendant discriminated and retaliated against him by "blackballing" him from alternative employment opportunities when he complained and sought answers about testing accommodations and his possible job status. He will still further show that Defendant caused defamatory statements to be made about Plaintiff namely that he had "violated

company policy", that he had tested positive on an employment-related drug screen and that he had refused to submit to drug testing when those statements were not true.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action and, in particular, Plaintiff's Federal causes of action pursuant to 28 U.S.C. §1331.  The Court has supplemental jurisdiction over the state law causes of action pursuant to 28 U.S.C. §1367.  This Court additionally has diversity jurisdiction over the defamation allegations pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

3.      Venue is properly situated within this District and Division because all material acts occurred therein.

## PARTIES

4.      Plaintiff is and was at all times material hereto a resident of Pinellas County, Florida.

5.      Defendant is and was at all times material hereto a foreign corporation transacting substantial business within this District and Division.

## FACTUAL ALLEGATIONS

6.      Previously in his career Plaintiff worked as a bus driver for the Pinellas Suncoast Transit Authority and was always in good standing.  Plaintiff sought career advancement as a commercial truck driver to earn more money and benefits and enrolled in a commercial truck

driving school. Through those efforts he obtained a Class A commercial driver's license at the completion of the program.

7. Plaintiff learned that Defendant was seeking applicants for new hire truck drivers. Plaintiff applied and was conditionally hired subject to passing a pre-employment drug screen.

8. In May 2019, Plaintiff came to an orientation session conducted by Defendant. On the first day he ate spoiled food or otherwise suffered from food poisoning that caused him to have severe gastrointestinal symptoms including nausea, diarrhea and vomiting. Previous to this date, Plaintiff had other health conditions although he was still able to work. Among the conditions Plaintiff suffered from was chronic prostatitis.

9. The following day Plaintiff and others were informed by Defendant that he would have to submit to a drug test by way of a urine sample. On that day, Plaintiff repeatedly attempted to give a urine sample but was unable to do so.

10. After leaving the orientation session and test site, Plaintiff thereafter received correspondence from an agent for Defendant telling him to have his doctor write a note explaining whether there was a medical basis for his inability to provide a urine sample. Plaintiff complied by having his physician write a letter in this regard. That physician later spoke to a medical officer who ultimately reported to Defendant. During these contacts, Plaintiff's physician advised that it was highly likely that the gastrointestinal and other pre-existing conditions caused Plaintiff's dehydration on the date of the urine sample attempt. Plaintiff alleges upon information and belief that included among these pre-existing conditions was the aforementioned prostatitis which caused or substantially contributed to his inability to produce a urine sample.

11. Both Plaintiff and his physician offered to provide alternative tox screens that would show that Plaintiff did not take any of the controlled substances detectable by such screen or by a standard urine test.

12. Notwithstanding the offer to provide alternative tox screens, Defendant failed and refused to communicate directly with Plaintiff or otherwise accommodate him whatsoever.

13. Rather than accommodate Plaintiff, Defendant sent him a letter advising him that he had the right to contact a "substance abuse professional".

14. When it became evident to Plaintiff that Defendant would not accommodate him Plaintiff had no choice but to seek other employment.

15. During that process one of Plaintiff's prospective employers conducted a background check using the services of a background checking company which disclosed a report from Defendant that Plaintiff had been terminated by Defendant for a "violation of company policy". This was obviously untrue since Plaintiff had not yet been hired or had violated a company policy: Plaintiff was simply unable to provide a urine sample for medically verifiable reasons. That report further indicated that Plaintiff "would not be eligible for rehire". Ultimately, this prospective employer refused to hire Plaintiff.

16. After Plaintiff learned about this background check disclosure, he contacted the "HireRight" agency (a background checking company that works with the trucking industry among other sectors) in an attempt to clear his name. Those efforts were functionally unsuccessful because revised reports, which are still in a form available to prospective employers, state that Plaintiff committed a "pre-employment drug violation" and/or that he had drug tested positive

and/or that he had refused to submit for drug testing. As a result of these false statements, Plaintiff is still unable to obtain employment in the commercial truck driving field.

17. Plaintiff has performed all conditions preceded to filing this action by filing a timely charge with the Equal Employment Opportunity Commission ("EEOC") which was dual filed with the Florida Commission on Human Relations ("FCHR"). This complaint was filed less than 90 days from issuance of a right to sue letter by the EEOC.

18. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages including lost pay and loss of future earnings, lost benefits, damages to his reputation as well as other non-economic damages such as emotional pain and mental distress suffered in the past and expected in the future.

19. Defendant's hiring practices and, in particular, its use of drug screening techniques was the subject of previous litigation: EEOC vs. Covenant Transport, Inc., Case No. 1:16-cv-142-TAV-CHS (E.D. Tenn. 2017). This litigation resulted in entry of a Consent Decree requiring that Defendant take a variety of remedial measures in light of allegations that Defendant was violating the ADA in its hiring practices including drug testing. The Consent Decree required that Defendant develop and maintain a written policy addressing drug testing of applicants and that Defendant would offer alternatives to drug testing to urine samples when an applicant was unable to provide a urine sample for medical reasons. A copy of that Consent Decree is attached and incorporated herein as Exhibit "A".

20. Despite this Consent Decree, which ordered the dissemination of the urine testing policy company-wide, Defendant never offered Plaintiff an alternative to a urine test and instead besmirched Plaintiff's name for inquiring about the circumstances and trying to clear his name.

Defendant's actions toward Plaintiff are believed to be a willful violation of the court-ordered written policy or a reckless indifference to the policy. Notwithstanding the role of the Consent Decree, Defendant's actions or inactions were otherwise recklessly indifferent to the rights of Plaintiff. For that reason, Plaintiff is entitled to recover punitive damages against Defendant.

### COUNT I – DISCRIMINATION IN VIOLATION OF ADA

21. This is an action for recovery of lost pay and related compensation, compensatory damages, punitive damages, attorneys' fees and court costs together with other relief pursuant to 42 U.S.C. §12101 et seq.

22. Paragraphs 1 through 20 are realleged verbatim herein.

23. The ADA prohibits discrimination against a qualified individual on the basis of a disability regarding job application procedures and hiring per 42 U.S.C. §12112(a).

24. At all times material hereto, Plaintiff was a qualified individual with a disability, perceived, physical or both.

25. Defendant has discriminated against Plaintiff on account of a physical or perceived disability in that:

   a. Defendant has failed to provide reasonable accommodations to Plaintiff per 42 U.S.C. §12112(b)(5);

   b. Defendant has subjected Plaintiff to standards, criteria or methods of hiring which violate the ADA and the court-ordered written policy it presumably instituted regarding urine testing per 42 U.S.C. §12112(b)(3); and

c.      Defendant has limited and classified Plaintiff because of a perceived or physical disability by initially classifying his inability to provide urine as a "violation of company policy" to prospective employers per 42 U.S.C. §12112(b)(1) and thereafter ascribing other negative conduct to him.

26.    As a direct and proximate result of the aforedescribed conduct, Plaintiff has sustained the damages and losses as set forth above and is entitled to recover same from Defendant pursuant to 42 U.S.C. §12117(a) and 42 U.S.C. §1981(a)(2).  Plaintiff is further entitled to recover his attorneys' fees pursuant to 42 U.S.C. §2000e(5)(g) and taxable costs as otherwise allowed by law.

## COUNT II - DISCRIMINATION IN VIOLATION OF FCRA

27.    This is an action for recovery of lost pay and related compensation, compensatory damages, punitive damages, attorneys' fees and court costs together with other relief pursuant to Florida Statute Chapter 760.01 et. seq.

28.    Paragraphs 1 through 20 and 23 and through 25 are realleged verbatim herein.

29.    The FCRA is functionally equivalent to the ADA in terms of the obligations imposed upon employers with regard to handicap discrimination.  Defendant's aforedescribed conduct constituted a violation of Florida Statute §760.10(1)(a) & (b).

30.    As a direct and proximate result of Defendant's violation of Florida Statute §760.10(1)(a) & (b), Plaintiff has sustained damages and losses as set forth above and is entitled to recover same from Defendant pursuant to Florida Statute §760.07 and §760.11.  Plaintiff is further entitled to recover attorneys' fees pursuant to Florida Statute §760.11 and taxable costs as otherwise allowed by law.

## COUNT III - DEFAMATION

31. This is an action for recovery of lost pay and related compensation, compensatory damages, punitive damages and court costs together with other relief pursuant to Florida common law.

32. Paragraphs 1 through 20 are realleged verbatim herein.

33. The aforedescribed statements made by Defendant itself or via employment background checking companies concerning Plaintiff were false.

34. Defendant published these false statements to third parties with either actual knowledge of or reckless disregard for such falsity.

35. These false and defamatory statements have caused substantial damages to Plaintiff who has been unable to obtain employment as a driver in the trucking industry other than minor positions as a "yard dog" i.e. moving trucks within a trucking compound.

36. As a direct and proximate result of Defendant's conduct, Plaintiff sustained damages including lost pay and potential loss of future earnings, lost benefits, damages to his reputation as well as other non-economic damages such as emotional pain and mental distress suffered in the past and expected in the future.

37. Defendant's conduct evidenced either an intent to harm Plaintiff or a reckless disregard of his rights and the harm being done to his reputation thereby justifying an award of punitive damages.

WHEREFORE, Plaintiff seeks the following relief:

A. An award of lost pay and benefits in the past and future together with any related lost compensation;

B. An award of compensatory damages including mental anguish and emotional distress and damages to reputation;

C. An award of punitive damages;

D. An award of attorneys' fees and taxable costs;

E. A jury trial pursuant to 42 U.S.C. §1981a (c), Florida Statute §760.11(5) and the U.S. and Florida Constitution; and

F. Such other and further relief as the Court deems appropriate under the circumstances.

    */s/ Marcus A. Castillo*
MARCUS A. CASTILLO, B.C.S.
Florida Bar Number 374733
Haas & Castillo, PLLC
Arbor Shoreline Office Park
19321-C U. S. 19 North, Suite 401
Clearwater, Florida 33764
Telephone:  727-535-4544
Telefax: 727-535-1855
E-Mail: marcus@haas-castillo.com
Attorney for Plaintiff